## Commonwealth *v.* Whaley, Appellants.

*Criminal law—Intoxicating liquor—Practice, Q. S.—New trial.*

A motion for a new trial, after conviction on an indictment charging the unlawful possession and sale of intoxicating liquor, is properly dismissed where the depositions in support of the motion are vague and insufficient.

The trial court is vested with discretion in passing upon the questions raised by the motion for a new trial and the depositions presented, and where this discretion is wisely exercised, the Superior Court will not reverse.

Argued March 16, 1925. Appeals, Nos. 151 and 153, April T., 1925, by defendants, from judgment of Q. S. Fayette Co., March Sessions, 1924, No. 408, in the case of Commonwealth of Pennsylvania v. Elmer Whaley and Anna Whaley. Before PORTER, HENDERSON, TREX-LER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for sale and possession of intoxicating liquor under the provisions of the Act of March 27, 1923, P. L. 34. Before REPPERT, J.

The facts are stated in the opinion of the **Superior Court.**

Verdict of guilty on which judgment of sentence was passed. Defendants appealed.

*Error assigned* was, among others, refusal to grant a new trial.

*George Patterson,* for appellants.

*Thomas H. Hudson,* and with him *Wade K. Newell* and *E. D. Brown,* District Attorney, for appellee.

OPINION BY PORTER, J., April 28, 1925:

The appellants were tried and convicted in the court below upon an indictment which charged the unlawful possession and selling of intoxicating liquor for beverage purposes, and from that conviction have, severally, appealed. The only ruling of the court below assigned for error is the refusal of a new trial.

The principal reasons urged in support of the motion of the defendants for a new trial were that the depositions taken by the defendants in support of their motion established: (1) That two of the material witnesses who had testified on behalf of the Commonwealth at the trial had repudiated their testimony then given, and (2) That the prosecutor and one of the witnesses for the Commonwealth had, during the progress of the trial, engaged in conversation about the case with two of the jurors and that said jurors had then, before hearing the testimony of the defendants, expressed a fixed determination to find the defendant's guilty. The depositions of the two witnesses in question were taken by the defendants. We have examined those depositions in detail and fully agree with the conclusion of the court below that, while the witnesses were manifestly ready and willing to favor the defendants, no discrepancies of any importance appear between their testimony at the trial and that in the depositions. One of the witnesses expressly denied that he had made any false statement at the trial. The

other witness had at the trial testified that he bought and paid for three drinks of whiskey in the home and in the presence of the defendants; that there was a young colored girl, a servant of the defendants, also present, but that he was unable to say who poured out the whiskey and to whom he paid; that he went to the Whaley house sober and, as the result of the liquor which he got there, became helplessly intoxicated. The only respect in which his testimony in the deposition differed from that at the trial was that he stated in the deposition that he had paid money to the young colored servant of the defendants. It is to be observed that this witness had not testified at the trial that he had paid the money to either of the defendants, personally. The deposition seems to indicate that his memory had subsequently been in some manner refreshed and that then he remembered he had paid the money to the young colored girl, the servant of the defendants. He did not pretend to state in his deposition that the money was not paid to the servant girl in the presence of the defendants. The variance, if any there was, was not material.

The depositions, on behalf of the defendants, which attempted to establish improper conversations between the prosecutor and one of the witnesses for the Commonwealth and two of the jurors were certainly vague and unsatisfactory. The depositions of the prosecutor and the two jurors who were alleged to be involved were taken by the Commonwealth, and all three of the parties testified distinctly and unqualifiedly that there had been no communication between them with regard to the case before or during the progress of the trial. One of the jurors, who was acquainted with the prosecutor, had said "Good morning" in passing him on the second morning of the trial. The other juror had noticed a witness for the Commonwealth talking to the prosecutor, with whom the juror was not acquainted, and the juror had asked the witness, with whom he was acquainted, if that was the prosecutor, saying: "I would like to get a good

look at him.  He caught one of my trucks at the Elm-grove Store with muffler off and pinched me." This juror positively testified that he had neither talked to the prosecutor nor the witness about the case.  The court below was of opinion that the allegation of misconduct of the jurors was not sustained by the evidence.

The court below was vested with discretion in passing upon the questions raised by the motion for a new trial and the depositions presented, and that discretion, it seems to us, was wisely exercised.  We certainly would not be warranted in holding that the refusal of a new trial involved an abuse of discretion by the court below.

The judgments are affirmed and it is ordered that the defendants appear in the court below at such time as they may be there called and that they be by that court committed until they have complied with the sentence or any part of it which had not been performed at the time their respective appeals were made a supersedeas.